UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**BRANDON JONES,**<br><br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)  Criminal No.: 4:23-cr-40002<br>)<br>)<br>)<br>)<br>) |

ORDER ON
DEFENDANT'S APPEAL OF ORDER OF DETENTION

**GUZMAN, J.**

### Introduction

Upon the motion of Defendant Brandon Jones ("Jones") for review of the March 27, 2023 Order detaining him pending trial (the "Detention Order"), D. 16, the Court has made an independent review, see United States v. Tortora, 922 F.2d 880, 882 (1st Cir. 1990), of the record and counsel's arguments. For the reasons stated below, the Court DENIES the motion to revoke the Detention Order, D. 16, and that order shall remain in place.

### Standard of Review

In entering the Detention Order, the Court (Hennessy, M.J.) concluded that no condition or combination of conditions would reasonably assure Jones's appearance or the safety of any other person and the community. D. 21 at 14:2–21:21 (citing Jones's history of and continued engagement in drug trafficking involving large quantities of controlled substances, his incomplete proposed pre-trial release plan, and significant discrepancies in Jones's pretrial services report). For such finding to warrant pretrial detention, there must be a showing, (1) upon a preponderance

of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance, or (2) upon clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e); United States v. DiGiacomo, 746 F. Supp. 1176, 1180–81 (D. Mass. 1980).  In determining whether there are conditions of release that will reasonably assure the defendant's appearance and public safety as required, the Court must consider the factors under 18 U.S.C. § 3142(g) including the nature and circumstances of the offenses charged; the weight of the evidence; the history and characteristics of the defendant; and the nature and seriousness of the danger that the defendant's release would pose.

The Court's review is pursuant to 18 U.S.C 3145(b) which requires the Court to conduct an independent review of the record. United States v. Tortora, 922 F.2d 880, 882 (1st Cir. 1990) (noting that "independent review represents an intermediate level of scrutiny more rigorous than the abuse-of-discretion or clear-error standards, but stopping short of plenary or *de novo* review").

## Procedural History

The defendant, Brandon Jones, was ordered detained after a hearing by Magistrate Judge Hennessey.  D. 16. The defendant sought an appeal, D. 18, and this court held a hearing on April 7, 2023, D. 30.  The Court heard argument and received information in support and opposition to the request for reconsideration of detention. This included briefing by defendant's counsel, D. 28, review of the U.S. Probation Services Pretrial Services Report dated March 16, 2023 (including the Affidavit of Task force Officer Scott Alicea-Bailey (Exhibit 1), and Affidavit in Support of Criminal Complaint (Exhibit 2)), review of the transcripts and exhibits filed in connection with the detention hearing, and oral argument from counsel.

**Discussion**

Jones is charged with two counts of distribution of and possession with an intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)), and possession with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)). D. 24. This drug charge in and of itself is a serious charge carrying a mandatory minimum ten-year sentence. 21 U.S.C. §§ 841, 846. As a result, Jones bears the burden of producing some evidence to rebut the presumption that no combination of release conditions that will reasonably assure his appearance or public safety. 18 U.S.C. § 3142(e)(3)(A); United States v. Rebollo-Andino, 312 F. App'x 346, 348 (1st Cir. 2009). After an independent review of the record, the exhibits, and the arguments of counsel, the Court finds that Jones has failed to meet his burden and that the detention order should be affirmed.

As stated, at the time of the hearing, the defendant, Jones had been charged with several counts of counts of Distribution of and Possession with Intent to Distribute Oxycodone as well as Possession with Intent to Distribute Oxycodone. The government presented evidence and argument that the criminal activity was the result of significant law enforcement investigation, including surveillance, and use of controlled buys. D. 21 at 5:5-9:16. At the occasion of his arrest, the defendant was further alleged to be in possession of numerous amounts of controlled substances.

At the hearing, the magistrate detailed his findings in support of detention, which included a past history of similar conduct, repeated court appearances, previous convictions and violations of conditions of previous supervisions. D. 21 at 14:2–21:21. Further, the magistrate noted the discrepancies detailed in the Pretrial Services Report relating to housing, employment and personal property. Id. at 18:25-20:19. Important to his decision, the magistrate concluded that the

defendant's most recent interaction with Probation Pretrial Services called into question his likelihood of being forthright and its import. ("The upshot of all this is I have no confidence that that we're dealing with a defendant who is prepared to be honest with pretrial services, and if he's not prepared to do that, I really don't see release on any conditions appropriate.") Id. at 20:15-19.

After an independent review of all documents and the record before the Court, the Court is persuaded that the combination of the defendant's past criminal history of illegal drug distribution, continued involvement with the criminal justice system, failure to comply with conditions of release during a prior supervised probation, and the nature and circumstances of the present charges represents a significant risk of danger to the community at large. Further, taken in conjunction with the recent incidents of questionable forthrightness during the probation pretrial investigation, the Court finds that no conditions or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. Therefore, this court finds that the defendant's appeal of the magistrate's ruling on detention must fail.

## Conclusion

Accordingly, the Court DENIES the appeal of the Detention Order, D. 16, and that Detention Order shall remain in place pending trial

**So Ordered.**

/s/ Margaret R. Guzman
Margaret R. Guzman
Dated: April 10, 2023                           United States District Judge